IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | | |
|---|---|---|
| Jerrell Antonio Roberts, | ) | Case No.: 9:21-0004-JD-MHC |
| Petitioner, | ) | |
| vs. | ) | **ORDER & OPINION** |
| Bryan Dobbs, | ) | |
| Respondent | ) | |

This matter is before the Court with the Report and Recommendation ("Report and Recommendation" or "Report") of United States Magistrate Judge Molly H. Cherry, made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2) of the District of South Carolina.[1] Jerrell Antonio Roberts ("Petitioner" or "Roberts"), a *pro se* federal inmate at FCI-Williamsburg, brings this action as an application for writ of habeas corpus ("Petition") pursuant to 28 U.S.C. § 2241. (DE 8, p. 1.) Roberts was sentenced to 87 months imprisonment followed by 36 months supervised release after he entered into a written plea agreement in the United States District Court for the Southern District of Georgia. (DE 8, p. 2.) The Plea agreement provided that Roberts would plead guilty to Count 1, possession of a firearm by a convicted felon, while the remaining two counts would be dismissed. Roberts filed a direct appeal; however, the Eleventh Circuit Court of Appeals affirmed, and he did not file a motion to vacate, correct, or set aside his sentence pursuant to 28 U.S.C. § 2255.

---

[1]   The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. See Mathews v. Weber, 423 U.S. 261, 270-71 (1976). The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

1

Roberts' present Petition contends that the Court should vacate Count 1 and dismiss the Indictment with prejudice because *inter alia* he is innocent as to violating 18 U.S.C. § 922(g)(1) because he lacked the requisite *mens rea* and because he entered into a constitutionally invalid guilty plea to § 922(g)(1). (DE 1, p. 6; 8, p. 3.) The Report recommends dismissal of this Petition for lack of jurisdiction because Roberts failed to first file a 28 U.S.C. § 2255 Petition and has failed to satisfy § 2255(e)'s requisite savings clause allowing Roberts' § 2241 Petition to proceed. (DE 8, p. 6.) See Herrera v. Barnes, No. CV 9:20-03779-RMG, 2020 WL 7640475, at *2 (D.S.C. Dec. 23, 2020) (holding before filing a § 2241 Petition "[a] prisoner in federal custody [must] first proceed with a § 2255 motion before attempting to satisfy the "savings clause").

Although Roberts has filed an objection to the Report (DE 12), to be actionable, objections to the Report and Recommendation must be specific. Failure to file specific objections constitutes a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the district judge. See United States v. Schronce, 727 F.2d 91, 94 & n.4 (4th Cir. 1984). "The Supreme Court has expressly upheld the validity of such a waiver rule, explaining that 'the filing of objections to a magistrate's report enables the district judge to focus attention on those issues -- factual and legal -- *that are at the heart of the parties' dispute*.'" Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (2005) (citing Thomas v. Arn, 474 U.S. 140 (1985) (emphasis added)). "A general objection to the entirety of the magistrate judge's report is tantamount to a failure to object." Tyler v. Wates, 84 F. App'x 289, 290 (4th Cir. 2003). "Likewise, a mere restatement of the arguments raised in the summary judgment filings does not constitute an "objection" for the purposes of district court review." Nichols v. Colvin, 100 F. Supp. 3d 487 (E.D. Va. 2015). In the absence of specific objections to the Report and

Recommendation of the magistrate judge, this court is not required to give any explanation for adopting the recommendation. See Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983).

Upon review, the Court finds that many of the Petitioner's objections are non-specific, unrelated to the dispositive and/or at the heart of disputed portions of the Report and Recommendation, or merely restate his arguments.  However, the court has identified the following specific objection, which will be addressed herein.  Petitioner objects to the Report claiming that his § 2241 Petition is properly before the Court because it satisfies the Jones factors of the savings clause outlined in In re Jones, 226 F.3d 328, 333–34 (4th Cir. 2000).  (DE 12, pp. 3-8.)  The Fourth Circuit in In re Jones held that a Petitioner satisfies the savings clause when:

> at the time of the conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

Id. at 333.  The Magistrate comprehensively and in detail addressed the issues surrounding this objection in the Report.  In particular, the Report found that "Petitioner cannot meet the § 2255 savings clause pursuant to the Jones test because he has not filed a § 2255 motion in the sentencing court."  (DE 8, p. 4.)  Further, Petitioner cannot meet the second prong of this test because he has not alleged that subsequent to his direct appeal and his first § 2255 motion, the substantive law changed such that the conduct of which he was convicted is deemed not to be criminal.  (DE 8, p. 4.)  Therefore, this Court overrules this objection.

Accordingly, after a thorough review of the Report and Recommendation and the record in this case, the Court adopts the Report (DE 8) and incorporates it herein and dismisses Roberts's Petition.

It is, therefore, **ORDERED** that the Petition is dismissed without prejudice and without requiring the Respondent to file a return. Further, it is **ORDERED** that a certificate of appealability is denied because Defendant has failed to make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

**IT IS SO ORDERED**.

                                                        Joseph Dawson, III
United States District Judge

Beaufort, South Carolina
September 23, 2021

### NOTICE OF RIGHT TO APPEAL

The parties are hereby notified that they have the right to appeal this order within sixty (60) days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.